UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HAYWARD DURESSEAU | CIVIL ACTION NO. 6:16-cv-01135 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| CAMPING WORLD OF LAFAYETTE, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss that was filed by defendants Forest River, Inc. and Camping World RV Sales, LLC d/b/a Camping World of Lafayette. (Rec. Doc. 16). The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

The plaintiff allegedly purchased a 2016 Forrester Class-C camper from Camping World RV Sales, LLC d/b/a Camping World of Lafayette ("Camping World") on February 10, 2016. The camper was allegedly manufactured by Forest River, Inc. In this lawsuit, the plaintiff sued Camping World, Forest River, and their unnamed insurers, seeking to recover for alleged defects in the camper.

Just five days after the purchase, the plaintiff allegedly contacted Cody Soileau, a Camping World employee, regarding defects he had discovered in the camper and also regarding issues related to the camper, including but not limited to: defects in the large wall slider, water leakage under the bathroom area, mismatched or incorrect keys to doors, missing skid pads, improper detailing on the outside of the camper, bent molding on the wall slide, and improper alignment. On March 8, 2016, the plaintiff demanded immediate repair of the camper. The plaintiff further alleged that, while the camper was in the defendants' possession on an unspecified date, additional damage was done, including scratches to both bumpers and slides and damage to the door's rubber seal. On May 10, 2016, the defendants allegedly offered to purchase the camper for $70,000, which the plaintiff alleged to be less than the original purchase price.[1]

The plaintiff claimed that he was damaged as a result of the defendants' negligent or intentional breach of contract and breach of warranties. He alleged that the defendants fraudulently concealed or intentionally omitted revealing the defects in the camper and lacked the ability to repair them. He asserted a redhibition claim against both defendants, alleging that the defects in the camper rendered it useless or

---

[1] Along with their removal notice, the defendants submitted evidence that the camper's base purchase price was $84,995.00. (Rec. Doc. 1-3 at 2).

so inconvenient to use that he would not have bought it had he known of the defects at the time of purchase. However, the plaintiff did not expressly seek to rescind the sale or recover the purchase price of the camper; instead, he seeks to recover damages for a diminution in the value of the camper; damages for emotional distress and a loss of enjoyment of his hobby and travel plans; punitive damages; attorneys' fees; costs; and interest. The plaintiff also seeks to have the payment of any money he owes on the camper stayed pending adjudication of the lawsuit.

After removing the suit to this forum, the defendants filed the instant motion to dismiss, contending that, pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff failed to state a claim upon which relief can be granted by this court. More particularly, the defendants argued: (1) that the plaintiff's claims are either subsumed by his redhibition claim or precluded by the Louisiana Products Liability Act; (2) that the plaintiff failed to sufficiently plead any claim other than his redhibition claim; and (3) that the plaintiff is not entitled to recover punitive damages.

## LAW AND ANALYSIS

### I. THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the

complaint because it fails to state a legally cognizable claim.[2] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[3] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[4] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] The allegations must be sufficient "to raise a right to relief above the speculative level,"[8] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of]

---

[2]  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3]  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[4]  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[5]  *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7]  *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[8]  *Bell Atlantic v. Twombly*, 550 U.S. at 555.

a legally cognizable right of action."[9]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]  Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter

---

[9] *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[10] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[13] *Ashcroft v. Iqbal*, 556 U.S. at 679.

(taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[14]

## II. THE INTERPLAY BETWEEN THE REDHIBITION CLAIM, THE BREACH OF CONTRACT CLAIM, AND THE BREACH OF WARRANTIES CLAIM

Under Louisiana law, a claim under the Louisiana Products Liability Act, La. R.S. 2800.52, *et seq.*, lies against a manufacturer, while a redhibition claim under Louisiana Civil Code Article 2520 lies against a seller. Therefore, it is possible to assert an LPLA claim against a manufacturer and a redhibition claim against a seller in the same suit. In this case, however, the plaintiff asserted a redhibition claim against both the seller and the manufacturer of the camper but did not assert an LPLA claim.

The defendants argued that the exclusivity provision of the LPLA precludes the plaintiff's breach of contract and breach of warranty claims. But no LPLA claim was asserted by the plaintiff. Therefore, there is no basis for arguing that an LPLA claim precludes the assertion of any other type of claim. This argument lacks merit.

The defendants also argued that the plaintiff's redhibition claim precludes his breach of contract and breach of warranties claims. A redhibition claim is a claim for breach of the warranty against redhibitory defects, but it does not incorporate or

---

[14] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

subsume a claim for the breach of any other type of warranty or a claim for breach of contract. Indeed, the analysis set forth in the memorandum supporting the defendants' motion actually supports the proposition that the plaintiff's redhibition claim can coexist with his breach of contract claim and his claim for the breach of other types of warranties. As explained in the cases cited by the defendants, if the camper contained redhibitory defects, then the plaintiff might be able to recover on his redhibition claim; if the camper did not contain redhibitory defects, however, then the plaintiff might be able to recover on his claims for breach of contract and breach of warranties other than the warranty against redhibitory defects.[15] Until it is established that there were or were not any redhibitory defects, it is not clear which theory of recovery is actually applicable and can therefore be relied upon to provide the relief requested by the plaintiff.

Furthermore, it is axiomatic that a plaintiff is entitled to assert alternative claims even if the alternative claims are inconsistent.[16] Fed. R. Civ. P. 8(d)(2)

---

[15] *Chesapeake Louisiana, L.P. v. Innovative Wellsite Systems, Inc.*, No. 12-2963, 2014 WL 5796794, at *4-5 (W.D. La. Nov. 6, 2014).

[16] See, e.g., *Cassidy v. Ford Motor Company*, No. 15-2483, 2016 WL 687621, at *3 (E.D. La. Feb. 19, 2016) ("[A] plaintiff may assert claims under both theories and is not required to plead a single theory of his case."); *Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 1918468, at *6 (E.D. La. May 13, 2014) (a plaintiff "is entitled to plead all theories of potential recovery, even if such theories conflict."); *Cusimano v. NeilMed Pharm., Inc.*, No. 12-1455, 2012 WL 5398440 *1 (E.D. La. Nov. 2, 2012) ("plaintiffs are free to plead alternative, inconsistent claims of liability.").

recognizes that a party may set out two or more statements of a claim alternatively or hypothetically. Fed. R. Civ. P. 8(d)(3) recognizes that a party may state as many separate claims as he has, regardless of whether the claims are consistent or not. While this Court expresses no view as to whether the plaintiff will ultimately succeed on any of the claims set forth in the petition, this Court finds that the plaintiff is entitled to assert a redhibition claim, a breach of contract claim, and a breach of warranties claim at this time.[17]

### III. THE SUFFICIENCY OF THE FACTS UNDERLYING THE BREACH OF CONTRACT, BREACH OF WARRANTIES, NEGLIGENCE, AND FRAUD CLAIMS

The defendants contend that the plaintiff's petition is lacking in factual detail sufficient to support his breach of contract, breach of warranties, negligence, and fraud claims. This Court agrees that the facts set forth in the petition are sparse. For example, with regard to the breach of contract claim, the plaintiff did not identify a contract, state the date on which it was executed, specify the provision allegedly breached, detail the way in which it was breached, identify any actions taken in response to the breach, or set forth the damages resulting from the breach. Similar details are lacking with regard to the breach of warranty, negligence, and fraud

---

[17] See, e.g., *Nestle Waters North America, Inc. v. Exel, Inc.*, No. 4:07-cv-0998, 2008 WL 11393153, at *1 (S.D. Tex., June 18, 2008).

claims. This is especially important because fraud must be plead with particularity and, in this case, it was not.

In response to the defendants' motion, however, the plaintiff requested an opportunity to amend his complaint. (Rec. Doc. 18-1 at 2). "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[18] Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[19] Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal."[20] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[21]

---

[18] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[19] *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

[20] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[21] *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)

This Court finds that it would be inequitable to dismiss the plaintiff's complaint without allowing him an opportunity to remedy the sparseness of the factual allegations. Therefore, it will be recommended that the plaintiff be permitted to file an amended complaint for the purpose of adding additional factual detail with regard to each of his claims. It will also be recommended that the defendants be afforded an opportunity to file another Rule 12(b)(6) motion to dismiss if necessary or appropriate following the filing of the amended complaint.

### V.   THE PUNITIVE DAMAGES CLAIM

It is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence of a specific statutory provision, only compensatory damages may be recovered.[22] The plaintiffs have not identified any statutory provisions that allow the recovery of punitive damages for the claims that were asserted against the defendants in this lawsuit.

In his opposition memorandum, the plaintiff suggested that he might be able to seek punitive damages under the laws of either Minnesota, Delaware, or Illinois because the defendants are citizens of those states. That argument lacks merit. The defendants removed this action to this court on the basis of diversity jurisdiction. A federal court sitting in diversity must apply state substantive law and federal

---

[22] See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

procedural law.[23] Therefore, because this is a diversity case, Louisiana's substantive law must be applied.[24] Accordingly, the plaintiff's failure to identify a Louisiana state statute permitting the recovery of punitive damages forecloses the issue, and this Court finds that only compensatory damages are recoverable by the plaintiff in this lawsuit.

## CONCLUSION

For the foregoing reasons, it is recommended that the defendants' motion to dismiss (Rec. Doc. 16) be GRANTED IN PART and DENIED IN PART. More particularly, it is recommended that (1) the motion be denied with regard to the plaintiff's redhibition claim; (2) the motion be granted with regard to the plaintiff's claims other than redhibition; (3) the plaintiff be granted leave of court to file an amended complaint providing additional factual detail supporting his claims; and (4) the defendants be permitted to reurge their motion to dismiss after review of the amended complaint, if necessary or appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

---

[23] *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

[24] See, e.g., *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on April 4, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE