UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HAYWARD DURESSEAU | CIVIL ACTION NO. 6:16-cv-01135 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| CAMPING WORLD OF LAFAYETTE, ET AL. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending is the motion to dismiss and motion for a more definite statement that was filed by defendants Forest River, Inc. and Camping World RV Sales, LLC d/b/a Camping World of Lafayette. (Rec. Doc. 26). The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

### B<small>ACKGROUND</small>

The plaintiff allegedly purchased a 2016 Forrester Class-C camper from Camping World RV Sales, LLC d/b/a Camping World of Lafayette ("Camping World") on February 10, 2016. The camper was allegedly manufactured by Forest River, Inc. In this lawsuit, the plaintiff sued Camping World, Forest River, and their unnamed insurers, seeking to recover damages for alleged defects in the camper,

some of which were allegedly known at the time of purchase and some of which were allegedly discovered later.

After removing the suit to this forum, the defendants filed their first motion to dismiss, contending that, pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff failed to state a claim upon which relief can be granted by this court. That motion was granted with regard to the plaintiff's claim for punitive damages and denied with regard to the plaintiff's claims for breach of contract, breach of warranty, negligence, and fraud. (Rec. Doc. 24). The plaintiff was also afforded an opportunity to amend his complaint, and he did so. (Rec. Doc. 25). The defendants responded with the instant motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and the instant motion for a more definite statement under Fed. R. Civ. P. 12(b)(3).

## LAW AND ANALYSIS

I. THE MOTION TO DISMISS

    A. THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] To survive a Rule

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

2

12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[2] The allegations must be sufficient "to raise a right to relief above the speculative level,"[3] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[4]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[6]

### B.  THE SUFFICIENCY OF THE FACTS UNDERLYING THE BREACH OF CONTRACT AND NEGLIGENCE CLAIMS

The defendants contend that, even after the recent amendment, the plaintiff's complaint is lacking in factual detail sufficient to support his breach of contract and

---

[2]   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3]   *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[4]   *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[5]   *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6]   *Bell Atlantic v. Twombly*, 550 U.S. at 570.

3

negligence claims. This Court agrees that the facts set forth in the petition are sparse. In reporting on the defendants' first motion to dismiss, this Court sent what it thought was a strong signal to the plaintiff, pointing out that "with regard to the breach of contract claim, the plaintiff did not identify a contract, state the date on which it was executed, specify the provision allegedly breached, detail the way in which it was breached, identify any actions taken in response to the breach, or set forth the damages resulting from the breach." (Rec. Doc. 23 at 8). This Court went on to say that "[s]imilar details are lacking with regard to the. . . negligence. . . claim[]." (Rec. Doc. 23 at 8).

This Court finds that the amended complaint set forth enough additional factual details sufficient to support the plaintiff's claim that the sales agreement was breached. The plaintiff specifically alleged that it was the contract of purchase that was breached and alleged that it was breached either negligently or intentionally because one or both of the defendants knew or should have known of the defects in the camper, knew that the camper was not fit for its intended purpose, and knew that they were unable to repair the defects even when stating that they would do so. Whether the plaintiff will ultimately prevail on this claim is not known. But the plaintiff has stated a plausible claim for breach of the sale contract.

4

With regard to the plaintiff's negligence claim, the plaintiff alleged two separate things. First, the plaintiff alleged that the camper was negligently damaged while in the shop for repairs. Second, the plaintiff alleged that the sale contract was negligently breached because one or both of the defendants knew or should have known that the camper was defective and because someone at the dealership stated that they would repair the camper when they knew they were unable to do so. The allegations are not a model of clarity, but they are sufficient to state a claim for negligence.

Accordingly, this Court finds that the plaintiff's allegations, though admittedly sparse, are sufficient to state a plausible claim for breach of the sale contract and for negligence.

### C. THE SUFFICIENCY OF THE FRAUD CLAIM

In their reply brief, the defendants raised a new issue, arguing that the plaintiff had pleaded insufficient particular facts to support his fraud claim and further arguing that the fraud claim should be dismissed for failure to comply with Fed. R. Civ. P. 9(b). This Court ordinarily does not consider arguments raised for the first time in a reply brief because the non-moving party does not have a meaningful

5

opportunity to respond.[7]  Although the fraud claim was mentioned by the plaintiff in response to the defendants' motion, the defendants did not seek dismissal of the fraud claim in their motion.  Instead, dismissal of that claim was first raised by the defendants in their reply brief.  Accordingly, this Court will not consider the defendants' argument that the fraud claim should be dismissed.

## II.   THE RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT

### A.   THE APPLICABLE STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances that gave rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.[8]  A motion for more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is

---

[7]   *Gillaspy v. Dallas Independent School Dist.*, 278 Fed. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs.") (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989)); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n. 2 (5th Cir. 2006); *United States v. Jackson*, 50 F.3d 1335, 1340 n. 7 (5th Cir. 1995) ("It is well-settled that, generally, we will not consider issues raised for the first time in a reply brief."); *Skelton v. Iberia Parish School Board*, No. 6:16-cv-00289, 2017 WL 4228724, at *3 (W.D. La. Sept. 22, 2017).

[8]   *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999), citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999).

6

appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice."[9] Thus, when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant is permitted to file such a motion.

Motions for a more definite statement are "generally disfavored"[10] and are "granted sparingly."[11] Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the defendant is complaining about matters that can either be clarified or developed during discovery. Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."[12]

---

[9] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[10] § 1377 Motion for a More Definite Statement—Current Practice Under Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.)

[11] § 1376 Motion for a More Definite Statement—Scope of Amended Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.)

[12] *Brown v. Maxxam, Inc.*, No. 90–1468, 1991 WL 13918, at *2 (E.D. La. Jan. 28, 1991), *affirmed*, 993 F.2d 1543 (5th Cir. 1993) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

7

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.[13]

### B.    THE PLAINTIFFS' COMPLAINT IS SUFFICIENT

The defendants contend that the plaintiff's complaint is so vague and ambiguous that they are unable to articulate a response because the plaintiff repeatedly referred to them collectively in the original and amended complaints. While it is true that a plaintiff's failure to properly distinguish among multiple defendants might be grounds for granting such a motion,[14] such a result is not mandated in this case. Only two defendants were named. One of them manufactured the camper at issue, and the other sold it. The defendants know whether they employed persons who spoke with the plaintiff when he purchased the camper and when he sought to have it repaired. The defendants have access to the sale documents. Therefore, the defendants should have no difficulty formulating responses to the allegations set forth in the original and amended complaints.

---

[13]    *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

[14]    See *People's Workshop, Inc. v. Federal Emergency Management Agency*, No. 17-107-JWD-RLB, 2018 WL 1528191, at *8 (M.D. La. Mar. 28, 2018).

8

Accordingly, this Court finds that the plaintiff's original and amended complaints sufficiently set forth the factual bases for their claims and the legal theories under which they seek to recover. To the extent that the defendants seek dismissal of the plaintiffs' amended complaint under Rule 12(e), it is recommended that the motion be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that the defendants' motion to dismiss and motion for a more definite statement (Rec. Doc. 26) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

9

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on July 10, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE